OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CAPORAL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CAPORAL
2014 OK 104
Case Number: SCBD-6111
Decided: 11/24/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 104, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
SAM GEORGE CAPORAL, Respondent.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 On October 20, 2014, Sam George Caporal (Caporal), filed an affidavit regarding his resignation pending disciplinary proceedings, see Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, ch. 1, app. 1-A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law in Oklahoma pending disciplinary proceedings. Caporal tendered his resignation after a hearing before the Professional Responsibility Tribunal (PRT), but before the PRT filed its report. Also on October 20, 2014, the OBA filed its application for an order approving the resignation. In the complaint filed on February 6, 2014, the OBA alleges that Caporal breached his fiduciary duties as a court-appointed guardian by failing to keep accurate records of the ward's property; failing to keep accurate records of expenditures and income; failing to properly file accounting even upon order of the court to the point of being held in contempt; and failing to produce the ward's medical and financial records and receipts when required to do so. The OBA also alleged that Caporal misrepresented facts regarding the ward's assets and his fees to the court, paid himself fees without court approval, and charged fees in excess of the statutory seven-and-one-half percent of the ward's income and then attempted to conceal the overage from the court.

¶2 This Court finds that Caporal has complied with the requirements of Rule 8.1 of the RGDP. Consistent with Rule 8.1's requirements, Caporal's affidavit reflects that his tendered resignation is freely and voluntarily rendered, that he is not subject to coercion or duress, and that he is aware of the consequences of submitting the resignation.

¶3 Caporal states that he is aware of the complaint filed against him in State ex rel. Oklahoma Bar Ass'n v. Caporal, SCBD No. 6111, which alleges violations of his professional duties and his oath as an attorney. Caporal recognizes that a hearing was held before the PRT on September 25, 2014, and that the OBA has the burden of proving the allegations. Caporal waives all rights to contest the allegations in the complaint. He states that he is aware that the allegations, if proven, would constitute violations of the Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch. 1, app. 3-A, and the RGDP. Caporal has familiarized himself with Rule 9.1 of the RGDP and agrees to comply with its requirements.

¶4 Caporal acknowledges that he may not make application for reinstatement for five years after the effective date of this order and that he must comply with Rule 11 of the RGDP when seeking reinstatement. Caporal agrees to reimburse the Client Security Fund for claims approved and paid, together with statutory interest, as a result of these proceedings and before seeking reinstatement.

¶5 The OBA has filed an application for costs in the amount of $1,917.80 for expenditures as a result of these proceedings. Caporal acknowledges that he is responsible for reimbursement of these costs, does not contest the amount, and agrees to repay the OBA for these costs.

¶6 This Court finds that Caporal's resignation complies with the requirements set forth in Rule 8.1 of the RGDP, and should be approved. Therefore, it is ordered that Sam George Caporal's name be stricken from the roll of attorneys. Because resignation pending discipline is tantamount to disbarment, Caporal may not make an application for reinstatement prior to the expiration of five years from the date this order becomes final. Further, Caporal shall reimburse the Client Security Fund any amounts paid out as a result of these proceedings before seeking reinstatement. Rule 11.1(b), RGDP. Pursuant to Rule 9.1 of the RGDP, Caporal shall notify all of his clients, if any, having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Caporal shall reimburse the OBA for $1,917.80 in costs.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 24th day of November 2014.

/S/CHIEF JUSTICE

Concur: Colbert, C.J.; Reif, V.C.J.; and Kauger, Watt, Winchester, Edmondson, Taylor, and Combs, JJ.

Not Participating: Gurich, J.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.